**United States Bankruptcy Court**
**Western District of Virginia**
**Roanoke Division**

In re    <u>Troy Shannon Harlow</u>                   Case No.    <u>17-71487-PBR</u>
                                                    Chapter    <u>13</u>

**DISCLOSURE OF COMPENSATION OF ATTORNEYS FOR DEBTORS**

1.    This disclosure is made specifically with respect to *Troy Shannon Harlow, Mark Stephen Estes, Kimberly Porter Fewell, Beatriz Villegas Rodriguez and Rodolfo Rodriguez v. Wells Fargo & Co., et al* Adversary Proceeding No. 20-07028, pending in the United States Bankruptcy Court for the Western District of Virginia, Roanoke Division (the "Adversary Proceeding"). Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), we certify that we are attorneys for the above-mentioned debtor(s) with respect to the Adversary Proceeding and that the compensation paid to us within one year before the filing of the petition in bankruptcy, or agreed to be paid to us, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the Adversary Proceeding is as follows:

    For legal services for the Adversary Proceeding. . . . . . . . . $ <u>See Below</u>

    Prior to the filing of this statement, with respect to the
    Adversary Proceeding, we have received . . . . . . . . . . . . . . $ <u>0.0</u>

    Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ <u>See Below</u>

2.    Filing Fee: <u>Not Applicable</u>.

3.    The source of compensation paid to us for the Adversary Proceeding was: <u>Not Applicable</u>

4.    The source of compensation to be paid to us for the Adversary Proceeding is:

Other (specify) – The Debtor requests in the Adversary Proceeding that the Court award the Debtor his attorneys' fees as set forth in the representation and co-counsel agreements between the named plaintiffs, Kellett & Bartholow PLLC, and bankruptcy counsel for the named plaintiffs. All fees are subject to Court approval. The co-counsel agreements provide:

Given the nature of the claims to be brought against Defendant(s) in this matter and the availability of fee-shifting statutes, it is expected that we will attempt to obtain an order from the Court requiring Defendant(s) to pay litigation expenses and attorneys' fees distributed on a lodestar basis calculated using hours worked times hourly rate, as the relevant base, plus any enhancement or multiplier awarded by the Court. Similarly, if the case is settled, we will attempt to get the Defendant(s) to pay such fees and expenses.

Finally, if the case is settled on behalf of a class and a common fund is created as part of that settlement, or if a judgment is entered that creates a common fund, we reserve the right to have attorneys' fees and litigation expenses paid from said common fund. In recognition of the sharing of responsibility in representing the clients, while dividing the labor between us, our firms have agreed that, unless otherwise ordered by the Court, any lump sum amount provided for attorneys' fees as part of a court award or settlement will be divided between us as follows: First expenses will be paid on a *pro rata* basis determined fairly by our relative contributions to the expenses of litigation; and Second: Fees will be paid on a *pro rata* basis determined fairly by our relative hours worked times hourly rates expended in the litigation.

In the event that the amount of the attorneys' fees and expenses are disputed by Defendant(s), or any other third party, we will each submit our respective fee applications to the Court. We will maintain contemporaneous time records and other documentation of our work so as to properly support a fee application. We will at all times endeavor to ensure that there is no duplication of the work performed. We will review each other's fee applications prior to filing with the Court and attempt to eliminate any duplicative entries.

In re    Troy Shannon Harlow                    Case No.   17-71487-PBR
                                                Chapter     13

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTORS
(Continuation Sheet)

Kellett & Bartholow PLLC has also entered into representation and co-counsel agreements that have identical terms with the other class representatives and their bankruptcy counsel.  See attached.

5. Counsel has not agreed to share the above-disclosed compensation with a person or persons who are not members or associates of their law firms.  With respect to the firms serving as counsel to Mr. Harlow, both firms are fully responsible for the Adversary Proceeding.  See attached.

6. In return for the above-disclosed fee, we have agreed to render legal services to Mr. Harlow with respect to his claims in the Adversary Proceeding.

7. By agreement with Mr. Harlow, the above-disclosed fee does not include any other services beyond those to be performed in the Adversary Proceeding.

### CERTIFICATION

We certify that the foregoing is a complete statement of any agreement or arrangement for payment to us for representation of Mr. Harlow in the Adversary Proceeding.

Dated:    July 10, 2020

*/s/ Malissa L. Giles*
Malissa L. Giles
VSB No. 33955
Giles & Lambert, PC
P.O. Box 2780
Roanoke, VA 24001
(540) 981-9000
mgiles@gileslambert.com

KELLETT & BARTHOLOW PLLC

By:  */s/ Theodore O. Bartholow, III ("Thad")*
Theodore O. Bartholow, III ("Thad") (*pro hac vice*)
Texas Bar No. 24062602
Karen L. Kellett (*pro hac vice*)
Texas Bar No. 11199520
11300 N. Central Expressway, Suite 301
Dallas, TX  75243
(214) 696-9000
(214) 696-9001 (fax)
thad@bklawtx.com

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served on the parties listed below on the date set forth above by First Class, United States mail, postage pre-paid on July 10, 2020.

*/s/ Malissa L. Giles*
Malissa L. Giles

US Trustee
210 First Street, Suite 505
Roanoke, VA 24011

# KELLETT & BARTHOLOW PLLC

This letter is intended as a proposed co-counseling arrangement between Kellett & Bartholow PLLC, Giles & Lambert, P.C. relating to the representation of Troy Shannon Harlow and Mark Stephen Estes and the putative class in a proposed legal action against Wells Fargo Bank, N.A. and/or any of its parent companies, subsidiaries, officers, directors and/or affiliates, and any other related and appropriate defendants (collectively "Defendant(s)") relating to potentially illegal, fraudulent and/or deceptive practices with respect to Defendant(s)' actions. Kellett & Bartholow will be the lead counsel, with Thad Bartholow being the lead attorney. Your firms will be the attorneys of record.

Our firms will share equally in the preparation and presentation of this case, but we have agreed that Thad Bartholow will serve as lead counsel in this litigation. While this shall mean that Kellett & Bartholow PLLC will have the primary responsibility for carrying on the day-to-day activities of the litigation, it is expected that Giles & Lambert, P.C. will also participate as needed in the case. Our firms agree that we will consult with the others prior to taking any strategic actions and that we will regularly confer in the planning and direction of the case. However, absent agreement, Kellett & Bartholow PLLC will make the final decisions regarding actions to be taken in the case.

Our firms will keep the others advised at all times as to the status of the work performed by, or on behalf of, any of us. Your firms will be responsible for advising the clients on the progress of the case. Of course, all firms will preserve all client confidences.

Given the nature of the claims to be brought against Defendant(s) in this matter and the availability of fee-shifting statutes, it is expected that we will attempt to obtain an order from the Court requiring Defendant(s) to pay litigation expenses and attorneys' fees distributed on a lodestar basis calculated using hours worked times hourly rate, as the relevant base, plus any enhancement or multiplier awarded by the Court. Similarly, if the case is settled, we will attempt to get the Defendant(s) to pay such fees and expenses.

Finally, if the case is settled on behalf of a class and a common fund is created as part of that settlement, or if a judgment is entered that creates a common fund, we reserve the right to have attorneys' fees and litigation expenses paid from said common fund. In recognition of the sharing of responsibility in representing the clients, while dividing the labor between us, our firms have agreed that, unless otherwise ordered by the Court, any lump sum amount provided for attorneys' fees as part of a court award or settlement will be divided between us as follows: First expenses will be paid on a *pro rata* basis determined fairly by our relative contributions to the expenses of litigation; and Second: Fees will be paid on a *pro rata* basis determined fairly by our relative hours worked times hourly rates expended in the litigation.

In the event that the amount of the attorneys' fees and expenses are disputed by Defendant(s), or any other third party, we will each submit our respective fee applications to the Court. We will maintain contemporaneous time records and other documentation of our work so as to properly support a fee application. We will at all times endeavor to ensure that there is no

Giles & Lambert, P.C.

duplication of the work performed. We will review each other's fee applications prior to filing with the Court and attempt to eliminate any duplicative entries.

Kellett & Bartholow PLLC will be responsible for the litigation expenses necessary to prepare this case for trial. However, your firm may incur miscellaneous expenses in connection with the suit. The firms will maintain appropriate records of these costs and will periodically notify all firms of the expenses incurred. Kellett & Bartholow PLLC is committed to providing appropriate and fair notice to the class if a class is certified in the case and notice is required. Kellett & Bartholow PLLC agrees to be solely responsible for the funding of such notice when it becomes necessary.

Our firms will be responsible for publicizing this case and the public interest issues it addresses. Our firms will cooperate fully with all publicity and public education efforts and may publicize this case through their own publications and organizational memberships. Kellett & Bartholow, PLLC must approve all press releases and press conferences, in advance. In all written and oral communications with the press about the case, Kellett & Bartholow PLLC will mention your firms' involvement in the case and *vice versa.*

Kellett & Bartholow PLLC reserves the right to terminate this agreement and to seek withdrawal of representation of Mark Estes and Troy Harlow and the putative class if you do not honor the terms reached herein or for any just reason as permitted or required by the Virginia or Texas Rules and Code of Professional Conduct or as permitted by rule of court. Kellett & Bartholow PLLC will provide you with advance notice of any decision to seek withdrawal prior to any filing with the Court. Kellett & Bartholow PLLC also retains the right to seek reimbursement of attorneys' fees or expenses from any court award or settlement for all work performed prior to the termination of the agreement or withdrawal. Of course, you shall also have the right to terminate this agreement in the event that Kellett & Bartholow PLLC fails to honor terms of this agreement or for any just reason as permitted or required by the Virginia or Texas Rules and Code of Professional Conduct or as permitted by rule of court.

Giles & Lambert, P.C. understands that additional named plaintiffs and additional counsel may be brought into the case. If it is subsequently decided by Kellett & Bartholow that additional counsel should be brought into the case to assist in the representation of Troy Harlow and Mark Stephen Estes and the putative class, this agreement will be revised to reflect any new arrangements that are negotiated.

Finally, we understand that we will require Troy Harlow and Mark Stephen Estes and any other named class representatives to sign a joint Retention Agreement with our firms, in the form attached hereto, prior to proceeding with their representation of their interests in this action. Giles & Lambert, P.C. will be responsible for obtaining Troy Harlow and Mark Stephen Estes's signatures on their Retention Agreements. In the event that Troy Harlow and Mark Stephen Estes receive a negative decision on their claims, as part of the litigation, Kellett & Bartholow PLLC will have the right to determine whether to provide them with legal representation in any ancillary case, cases or appeals.

2

Giles & Lambert, P.C.

If this letter accurately represents your understanding of our agreement, please execute a copy on the line provided and return it to me.  I look forward to working with you on this case.

THIS CONTRACT IS SIGNED as of _____ 6-24 _____, 2020.

CLIENT: _____

Troy Shannon Harlow

CLIENT: _____

Mark Stephen Estes

ATTORNEY: _____

_____

GILES & LAMBERT, P.C.

By:   Tracy A. Giles
      Malissa L. Giles
Its:  Shareholders

ATTORNEY: _____

_____

KELLETT & BARTHOLOW PLLC

By:  Karen L. Kellett
     Theodore O. Bartholow, III ("Thad")
Its:  Shareholders

3

Giles & Lambert, P.C.

If this letter accurately represents your understanding of our agreement, please execute a copy on the line provided and return it to me.  I look forward to working with you on this case.

THIS CONTRACT IS SIGNED as of _____, 2020.

CLIENT: _____

Troy Shannon Harlow

CLIENT: _____

Mark Stephen Estes

ATTORNEY: _____

_____

GILES & LAMBERT, P.C.

By:  Tracy A. Giles
     Malissa L. Giles
Its:  Shareholders

ATTORNEY: _____

_____

KELLETT & BARTHOLOW PLLC

By:  Karen L. Kellett
     Theodore O. Bartholow, III ("Thad")
Its:  Shareholders

3

# KELLETT & BARTHOLOW PLLC

### RETENTION AGREEMENT

I, Troy Shannon Harlow ("Client"), hereby retain Kellett & Bartholow PLLC and Giles & Lambert, P.C. (collectively, "Attorneys") to represent me in connection with potential legal actions against Wells Fargo Bank, N.A. and related or other defendants, if appropriate, ("Defendant(s)") for violations of the Bankruptcy Code and Rules and potentially other laws. It is our understanding that Attorneys will provide such representation as co-counsel pursuant to a Co-Counseling Agreement, a copy of which is attached hereto.

## LEGAL SERVICES

Unless this agreement is changed or cancelled in writing by the Attorneys or Client as set forth below, the Attorneys agree to bring the claims Client may have against the Defendant(s) in an appropriate court, and to pursue those claims on Client's behalf competently and diligently. Kellett & Bartholow PLLC will serve as the lead counsel in the litigation. Giles & Lambert, P.C. will be primarily responsible for communication with Client, including, but not limited to, keeping Client advised as to the progress of the case. In the event that Client receives a negative decision on Client's claims, the Attorneys will review again the legal claim to determine whether they will provide Client legal representation in an appeal of the decision. Similarly, if a separate legal action or the defense of a counterclaim becomes necessary as part of the litigation of Client's claims, the Attorneys will have the right determine whether to provide Client with legal representation in any such separate case or defense of a counterclaim pursuant to a separate written agreement at a fee to be agreed upon at that time.

## ATTORNEYS' FEES/COSTS

Client understands that Client will not be required to pay any attorneys' fees to the Attorneys other than through a deduction for the payment of reasonable fees from a common fund created as part of the settlement of or judgment with respect to the class claims filed, a settlement providing for the Defendants' payments of attorneys' fees, or judgment entered, in the action as set forth below. Client further understands that Client's case is one in which the Defendant(s) may be required to pay reasonable attorneys' fees to the Attorneys. Client authorizes the Attorneys to seek and collect reasonable attorneys' fees in addition to any relief they are seeking for Client. Client agrees that the Attorneys may keep any attorneys' fees that are obtained through court or agency order or settlement of the case pursuant to the provisions of the Co-Counseling Agreement. Attorneys' currently hourly rates are as follows:

**GILES & LAMBERT, P.C.**
| | |
|---|---|
| Malissa Lambert Giles | $400/hour |
| Tracy A. Giles | $400/hour |

**KELLETT & BARTHOLOW PLLC**
| | |
|---|---|
| O. Max Gardner, III (of counsel) | $500/hour |
| Karen L. Kellett* | $500/hour |
| Theodore O. Bartholow* | $400/hour |

*With respect to any action commenced in the Western District of Virginia, the hourly rates for

Ms. Kellett, Mr. Bartholow, and Mr. Gardner are subject to their admission to practice in the Western District of Virginia.

Client understands that the Attorneys may have to pay certain costs in order to properly represent Client in this case. These costs may include filing fees, fees for service of process and subpoenas, expert witness fees, stenographers' fees and other expenses related to litigation. Whenever possible, the Attorneys will try to have Defendant(s) pay for the costs. If the Attorneys cannot obtain payment of costs from Defendant(s) and Client receives an award of money in this case, Client agrees to repay the Attorneys for all costs for Client's case from the money Client receives. Repayment of such costs will be made prior to payment of fees. Client further understands that Client may not impose a requirement to incur costs that the Attorneys feel are not reasonable unless Client is willing to advance and pay those costs themselves.

<u>SETTLEMENT</u>

Client understands that it may be possible to settle Client's case. The Attorneys will keep Client informed of any settlement offers and consult with Client about how to respond to any offers. No settlement will be made without Client's approval.

The Attorneys and Client will make best efforts to obtain a settlement that will adequately meet each of the following goals, with no single goal taking precedence over any other goal:

(a) produce systemic reform of Defendant(s') policies or practices so other consumers will benefit from this litigation; (b) satisfy Client's individual goals; and (c) compensate the Attorneys fairly for their reasonable attorneys' fees and litigation costs.

Client understands that as a public interest counsel, the Attorneys face competing goals in seeking to maximize Client's personal recovery and in seeking reasonable attorneys' fees and costs. In order to satisfy both interests, Client authorizes the Attorneys to negotiate a resolution of the class claims and Client's individual claims separate from any negotiation of attorneys' fees and litigation costs. In the event that the Attorneys are unable to reach a settlement on the issues of attorneys' fees and costs, Client understands that the Attorneys may make an application to the Court for an award of attorneys' fees and costs. Client further understands that in making such application, the Attorneys will calculate their fees using the "lodestar" method that reflects the number of hours worked multiplied by a reasonable hourly rate. Client agrees that the Attorneys may be entitled to a multiplier, or enhancement, of the lodestar amount due to the novelty, complexity and speculative nature of the claims brought in this matter, or for any other appropriate reason.

Client understands that Defendant(s) may make a settlement offer that does not include a breakdown between Client's damages and attorneys' fees or litigation costs or otherwise requires, as a condition of settlement, that Client waives any claim for attorneys' fees or litigation costs. Regardless, the Attorneys will convey to Client any settlement offer made by Defendant(s), even if it is conditioned on Client's waiving these fees and costs. Client understands that the Attorneys' recommendation concerning the advisability of accepting or rejecting such a settlement proposal may reflect the fact that it is conditioned on Client's waiving attorneys' fees or litigation costs.

Client understands that, if Client agrees to a lump sum monetary settlement of all the class claims against Defendant(s), including attorneys' fees, then the attorneys' fees to be paid to the Attorneys will be up to forty percent (40%) of the settlement, excluding expenses and costs, or attorneys' fees calculated pursuant to the lodestar method, subject to approval by the court under the laws of the jurisdiction. If it becomes necessary to settle the case on an individual basis, then Client agrees the attorneys' fees will be calculated on the lodestar basis. Costs and expenses incurred by the Attorneys will be taken off the top before computing this amount. In the event that Client agrees to a monetary settlement which delineates the amount to be paid for Client's claims against Defendant(s) and the amount to be paid for attorneys' fees, expenses and costs, then Client agrees that the Attorneys will be paid their legal fees, expenses and costs in accordance with the terms of the settlement agreement.

## CLIENT RESPONSIBILITIES

Client agrees to make a full and honest disclosure to the Attorneys of all facts relevant to Client's case, including new facts that may arise during the course of Client's case. Client will keep the Attorneys informed of Client's current address and telephone numbers.

As client of the Attorneys, Client understands that Client has the responsibility (through Giles & Lambert, P.C., as attorney of record) to keep them informed of any significant changes in Client's circumstances. Client will promptly inform the Attorneys, through Giles & Lambert, P.C. if Client should receive any settlement offers, documents or other communications directly from Defendant(s) or any third parties in regard to this matter. Client understands that, as Client's counsel, the Attorneys are to conduct all communication on Client's behalf with regard to this matter. Client agrees that Client will not initiate any communication and that Client will immediately terminate any communications Client might receive from Defendant(s) or third parties in regard to this matter.

Client understands that Client may have to provide documents, appear in court or attend a deposition, and Client will assist and cooperate with the Attorneys to the fullest extent possible in their representation of Client's interests in this matter.

Client also understands that this case may be certified as a class action lawsuit and that in making any decisions concerning this case, the Attorneys and Client must consider, in addition to Client's interests, the interests of the class of people for whom Client is representative. In the event that Client enters into a settlement of the class action with Defendant(s) that is not recommended by Client's counsel, Client recognizes that the Attorneys reserve the right to seek approval from the Court to withdraw as counsel if they believe that the terms of the proposed settlement do not adequately address the interests and claims of the putative or certified class.

## COUNSEL RESPONSIBILITIES

The Attorneys agree to handle Client's case competently and diligently, to exercise professional judgment free from any conflict of interest, to alert Client of important developments in Client's case, and to respond promptly to Client's reasonable requests for information about Client's case.

## TERMINATION

Client understands that Client is free at any time to discharge the Attorneys from representing Client by written letter. However, if Client chooses to discharge any of the Attorneys, the remaining counsel is under no obligation to find a replacement or to continue representation of Client. In addition, if after discharging any of Client's Attorneys Client thereafter recover monetary relief through settlement or trial, Client agrees to pay any discharged Attorney(s) their normal hourly rates, up to the amount of recovery, for the services actually provided to Client in the case prior to the time of discharge and for all litigation costs and expenses expended by any discharged Attorney on Client's behalf.

Client agrees that the Attorneys may, upon giving reasonable written notice, seek to terminate their involvement in Client's case if (a) the case becomes frivolous, unreasonable, or groundless in their view, or (b) the facts of the case are found to be materially and significantly different than Client has stated them, or (c) the representation of Client requires taking a position contrary to the public interest as determined by the Attorneys, or (d) Client otherwise fail to cooperate. If the Attorneys terminate their involvement in Client's case under any of these circumstances, Client agrees that they will retain their right to recover their costs and the market value of their legal services from Client.

## PUBLICITY

The Attorneys' cases are of public interest, and the Attorneys often seeks to further the rights of others by publicizing the cases they support and the outcome of those cases. Client understand that the Attorneys may make recommendations to Client concerning such publicity. Based on the public need to know the law and the facts of the case, Client agree to reasonably cooperate with such efforts. Ultimately, however, Client retains the right to decide whether the Attorneys may publicize aspects of Client's case that are not already part of the public record.

## MISCELLANEOUS

Client recognizes that no results have been guaranteed by the Attorneys to Client and that this Retainer Agreement is not based upon any such promises or anticipated results. Client further acknowledges that Client is exclusively responsible for any personal liability, or potential liability, awarded against Client by the court for any claim or counterclaim and that, by undertaking to represent Client pursuant to this Retainer Agreement, the Attorneys assume none of Client's personal liability.

Client understands and agrees that the Attorneys may bring in additional named plaintiffs and counsel into the litigation in the Attorneys' sole discretion.

## NOTICE TO CLIENT

Texas law requires that all attorneys provide their client with the following notice about the existence of the attorney grievance process: "The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar's Office of Chief

Disciplinary Counsel will provide you with information about how to file a complaint. Please call 1-800-932-1900 toll-free for more information."

THIS CONTRACT IS SIGNED as of _Jun 24_____, 2020.

CLIENT: _____
Troy Shannon Harlow

ATTORNEY: _____

KELLETT & BARTHOLOW PLLC

By:   Karen L. Kellett
      Theodore O. Bartholow, III ("Thad")
Its:  Shareholders

ATTORNEY: _____

GILES & LAMBERT, P.C.

By:  Tracy A. Giles
     Malissa L. Giles
Its:  Shareholders

5

# KELLETT & BARTHOLOW PLLC

### RETENTION AGREEMENT

I, Mark Stephen Estes ("Client"), hereby retain Kellett & Bartholow PLLC and Giles & Lambert, P.C. (collectively, "Attorneys") to represent me in connection with potential legal actions against Wells Fargo Bank, N.A. and related or other defendants, if appropriate, ("Defendant(s)") for violations of the Bankruptcy Code and Rules and potentially other laws. It is our understanding that Attorneys will provide such representation as co-counsel pursuant to a Co-Counseling Agreement, a copy of which is attached hereto.

## LEGAL SERVICES

Unless this agreement is changed or cancelled in writing by the Attorneys or Client as set forth below, the Attorneys agree to bring the claims Client may have against the Defendant(s) in an appropriate court, and to pursue those claims on Client's behalf competently and diligently. Kellett & Bartholow PLLC will serve as the lead counsel in the litigation. Giles & Lambert, P.C. will be primarily responsible for communication with Client, including, but not limited to, keeping Client advised as to the progress of the case. In the event that Client receives a negative decision on Client's claims, the Attorneys will review again the legal claim to determine whether they will provide Client legal representation in an appeal of the decision. Similarly, if a separate legal action or the defense of a counterclaim becomes necessary as part of the litigation of Client's claims, the Attorneys will have the right determine whether to provide Client with legal representation in any such separate case or defense of a counterclaim pursuant to a separate written agreement at a fee to be agreed upon at that time.

## ATTORNEYS' FEES/COSTS

Client understands that Client will not be required to pay any attorneys' fees to the Attorneys other than through a deduction for the payment of reasonable fees from a common fund created as part of the settlement of or judgment with respect to the class claims filed, a settlement providing for the Defendants' payments of attorneys' fees, or judgment entered, in the action as set forth below. Client further understands that Client's case is one in which the Defendant(s) may be required to pay reasonable attorneys' fees to the Attorneys. Client authorizes the Attorneys to seek and collect reasonable attorneys' fees in addition to any relief they are seeking for Client. Client agrees that the Attorneys may keep any attorneys' fees that are obtained through court or agency order or settlement of the case pursuant to the provisions of the Co-Counseling Agreement. Attorneys' current hourly rates are as follows:

**GILES & LAMBERT, P.C.**

| | |
|---|---|
| Malissa L. Giles | $400hour |
| Tracy A. Giles | $400/hour |

**KELLETT & BARTHOLOW PLLC**

| | |
|---|---|
| O. Max Gardner, III (of counsel) | $500/hour |
| Karen L. Kellett* | $500/hour |
| Theodore O. Bartholow* | $400/hour |

*With respect to any action commenced in the Western District of Virginia, the hourly rates for

11300 NORTH CENTRAL EXPRESSWAY, SUITE 301 • DALLAS, TEXAS • 75243
PHONE: 214-696-9000 • FAX: 214-696-9001

Ms. Kellett, Mr. Bartholow, and Mr. Gardner are subject to their admission to practice in the Western District of Virginia.

Client understands that the Attorneys may have to pay certain costs in order to properly represent Client in this case. These costs may include filing fees, fees for service of process and subpoenas, expert witness fees, stenographers' fees and other expenses related to litigation. Whenever possible, the Attorneys will try to have Defendant(s) pay for the costs. If the Attorneys cannot obtain payment of costs from Defendant(s) and Client receives an award of money in this case, Client agrees to repay the Attorneys for all costs for Client's case from the money Client receives. Repayment of such costs will be made prior to payment of fees. Client further understands that Client may not impose a requirement to incur costs that the Attorneys feel are not reasonable unless Client is willing to advance and pay those costs themselves.

<u>SETTLEMENT</u>

Client understands that it may be possible to settle Client's case. The Attorneys will keep Client informed of any settlement offers and consult with Client about how to respond to any offers. No settlement will be made without Client's approval.

The Attorneys and Client will make best efforts to obtain a settlement that will adequately meet each of the following goals, with no single goal taking precedence over any other goal:

(a) produce systemic reform of Defendant(s') policies or practices so other consumers will benefit from this litigation; (b) satisfy Client's individual goals; and (c) compensate the Attorneys fairly for their reasonable attorneys' fees and litigation costs.

Client understands that as a public interest counsel, the Attorneys face competing goals in seeking to maximize Client's personal recovery and in seeking reasonable attorneys' fees and costs. In order to satisfy both interests, Client authorizes the Attorneys to negotiate a resolution of the class claims and Client's individual claims separate from any negotiation of attorneys' fees and litigation costs. In the event that the Attorneys are unable to reach a settlement on the issues of attorneys' fees and costs, Client understands that the Attorneys may make an application to the Court for an award of attorneys' fees and costs. Client further understands that in making such application, the Attorneys will calculate their fees using the "lodestar" method that reflects the number of hours worked multiplied by a reasonable hourly rate. Client agrees that the Attorneys may be entitled to a multiplier, or enhancement, of the lodestar amount due to the novelty, complexity and speculative nature of the claims brought in this matter, or for any other appropriate reason.

Client understands that Defendant(s) may make a settlement offer that does not include a breakdown between Client's damages and attorneys' fees or litigation costs or otherwise requires, as a condition of settlement, that Client waives any claim for attorneys' fees or litigation costs. Regardless, the Attorneys will convey to Client any settlement offer made by Defendant(s), even if it is conditioned on Client's waiving these fees and costs. Client understands that the Attorneys' recommendation concerning the advisability of accepting or rejecting such a settlement proposal may reflect the fact that it is conditioned on Client's waiving attorneys' fees or litigation costs.

2

Client understands that, if Client agrees to a lump sum monetary settlement of all the class claims against Defendant(s), including attorneys' fees, then the attorneys' fees to be paid to the Attorneys will be up to forty percent (40%) of the settlement, excluding expenses and costs, or attorneys' fees calculated pursuant to the lodestar method, subject to approval by the court under the laws of the jurisdiction. If it becomes necessary to settle the case on an individual basis, then Client agrees the attorneys' fees will be calculated on the lodestar basis. Costs and expenses incurred by the Attorneys will be taken off the top before computing this amount. In the event that Client agrees to a monetary settlement which delineates the amount to be paid for Client's claims against Defendant(s) and the amount to be paid for attorneys' fees, expenses and costs, then Client agrees that the Attorneys will be paid their legal fees, expenses and costs in accordance with the terms of the settlement agreement.

## CLIENT RESPONSIBILITIES

Client agrees to make a full and honest disclosure to the Attorneys of all facts relevant to Client's case, including new facts that may arise during the course of Client's case. Client will keep the Attorneys informed of Client's current address and telephone numbers.

As client of the Attorneys, Client understands that Client has the responsibility (through Giles & Lambert, P.C., as attorney of record) to keep them informed of any significant changes in Client's circumstances. Client will promptly inform the Attorneys, through Giles & Lambert, P.C. if Client should receive any settlement offers, documents or other communications directly from Defendant(s) or any third parties in regard to this matter. Client understands that, as Client's counsel, the Attorneys are to conduct all communication on Client's behalf with regard to this matter. Client agrees that Client will not initiate any communication and that Client will immediately terminate any communications Client might receive from Defendant(s) or third parties in regard to this matter.

Client understands that Client may have to provide documents, appear in court or attend a deposition, and Client will assist and cooperate with the Attorneys to the fullest extent possible in their representation of Client's interests in this matter.

Client also understands that this case may be certified as a class action lawsuit and that in making any decisions concerning this case, the Attorneys and Client must consider, in addition to Client's interests, the interests of the class of people for whom Client is representative. In the event that Client enters into a settlement of the class action with Defendant(s) that is not recommended by Client's counsel, Client recognizes that the Attorneys reserve the right to seek approval from the Court to withdraw as counsel if they believe that the terms of the proposed settlement do not adequately address the interests and claims of the putative or certified class.

## COUNSEL RESPONSIBILITIES

The Attorneys agree to handle Client's case competently and diligently, to exercise professional judgment free from any conflict of interest, to alert Client of important developments in Client's case, and to respond promptly to Client's reasonable requests for information about Client's case.

3

## TERMINATION

Client understands that Client is free at any time to discharge the Attorneys from representing Client by written letter. However, if Client chooses to discharge any of the Attorneys, the remaining counsel is under no obligation to find a replacement or to continue representation of Client. In addition, if after discharging any of Client's Attorneys Client thereafter recover monetary relief through settlement or trial, Client agrees to pay any discharged Attorney(s) their normal hourly rates, up to the amount of recovery, for the services actually provided to Client in the case prior to the time of discharge and for all litigation costs and expenses expended by any discharged Attorney on Client's behalf.

Client agrees that the Attorneys may, upon giving reasonable written notice, seek to terminate their involvement in Client's case if (a) the case becomes frivolous, unreasonable, or groundless in their view, or (b) the facts of the case are found to be materially and significantly different than Client has stated them, or (c) the representation of Client requires taking a position contrary to the public interest as determined by the Attorneys, or (d) Client otherwise fail to cooperate. If the Attorneys terminate their involvement in Client's case under any of these circumstances, Client agrees that they will retain their right to recover their costs and the market value of their legal services from Client.

## PUBLICITY

The Attorneys' cases are of public interest, and the Attorneys often seeks to further the rights of others by publicizing the cases they support and the outcome of those cases. Client understand that the Attorneys may make recommendations to Client concerning such publicity. Based on the public need to know the law and the facts of the case, Client agree to reasonably cooperate with such efforts. Ultimately, however, Client retains the right to decide whether the Attorneys may publicize aspects of Client's case that are not already part of the public record.

## MISCELLANEOUS

Client recognizes that no results have been guaranteed by the Attorneys to Client and that this Retainer Agreement is not based upon any such promises or anticipated results. Client further acknowledges that Client is exclusively responsible for any personal liability, or potential liability, awarded against Client by the court for any claim or counterclaim and that, by undertaking to represent Client pursuant to this Retainer Agreement, the Attorneys assume none of Client's personal liability.

Client understands and agrees that the Attorneys may bring in additional named plaintiffs and counsel into the litigation in the Attorneys' sole discretion.

## NOTICE TO CLIENT

Texas law requires that all attorneys provide their client with the following notice about the existence of the attorney grievance process: "The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar's Office of Chief

4

Disciplinary Counsel will provide you with information about how to file a complaint. Please call 1-800-932-1900 toll-free for more information."

THIS CONTRACT IS SIGNED as of _____, 2020.

CLIENT: _____
Mark Stephen Estes

ATTORNEY: _____

_____

KELLETT & BARTHOLOW PLLC

By:  Karen L. Kellett
     Theodore O. Bartholow, III ("Thad")
Its:  Shareholders

ATTORNEY: _____

_____

GILES & LAMBERT, P.C.

By:  Tracy A. Giles
     Malissa L. Giles
Its:  Shareholders

5

Disciplinary Counsel will provide you with information about how to file a complaint. Please call 1-800-932-1900 toll-free for more information."

THIS CONTRACT IS SIGNED as of _____, 2020.

CLIENT: _____

Mark Stephen Estes

ATTORNEY: _____

_____

KELLETT & BARTHOLOW PLLC

By:  Karen L. Kellett
     Theodore O. Bartholow, III ("Thad")
Its:  Shareholders

ATTORNEY: _____

_____

GILES & LAMBERT, P.C.

By:  Tracy A. Giles
     Malissa L. Giles
Its:  Shareholders

5

# KELLETT & BARTHOLOW PLLC

This letter is intended as a proposed co-counseling arrangement between Kellett & Bartholow PLLC and the Crow Law Firm relating to the representation of Kimberly Porter Fewell and the putative class in a proposed legal action against Wells Fargo Bank, N.A. and/or any of its parent companies, subsidiaries, officers, directors and/or affiliates, and any other related and appropriate defendants (collectively "Defendant(s)") relating to potentially illegal, fraudulent and/or deceptive practices with respect to Defendant(s)' actions. Kellett & Bartholow will be the lead counsel, with Thad Bartholow being the lead attorney. Your firms will be the attorneys of record.

Our firms will share equally in the preparation and presentation of this case, but we have agreed that Thad Bartholow will serve as lead counsel in this litigation. While this shall mean that Kellett & Bartholow PLLC will have the primary responsibility for carrying on the day-to-day activities of the litigation, it is expected that the Crow Law Firm will also participate as needed in the case. Our firms agree that we will consult with the others prior to taking any strategic actions and that we will regularly confer in the planning and direction of the case. However, absent agreement, Kellett & Bartholow PLLC will make the final decisions regarding actions to be taken in the case.

Our firms will keep one another advised at all times as to the status of the work performed by, or on behalf of, any of us. The Crow Law Firm will be primarily responsible for advising the clients on the progress of the case. Of course, all firms will preserve all client confidences.

Given the nature of the claims to be brought against Defendant(s) in this matter and the availability of fee-shifting statutes, it is expected that we will attempt to obtain an order from the Court requiring Defendant(s) to pay litigation expenses and attorneys' fees distributed on a lodestar basis calculated using hours worked times hourly rate, as the relevant base, plus any enhancement or multiplier awarded by the Court. Similarly, if the case is settled, we will attempt to get the Defendant(s) to pay such fees and expenses.

Finally, if the case is settled on behalf of a class and a common fund is created as part of that settlement, or if a judgment is entered that creates a common fund, we reserve the right to have attorneys' fees and litigation expenses paid from said common fund. In recognition of the sharing of responsibility in representing the clients, while dividing the labor between us, our firms have agreed that, unless otherwise ordered by the Court, any lump sum amount provided for attorneys' fees as part of a court award or settlement will be divided between us as follows: First expenses will be paid on a *pro rata* basis determined fairly by our relative contributions to the expenses of litigation; and Second: Fees will be paid on a *pro rata* basis determined fairly by our relative hours worked times hourly rates expended in the litigation.

In the event that the amount of the attorneys' fees and expenses are disputed by Defendant(s), or any other third party, we will each submit our respective fee applications to the

The Crow Law Firm

Court. We will maintain contemporaneous time records and other documentation of our work so as to properly support a fee application. We will at all times endeavor to ensure that there is no duplication of the work performed. We will review each other's fee applications prior to filing with the Court and attempt to eliminate any duplicative entries.

Kellett & Bartholow PLLC will be responsible for the litigation expenses necessary to prepare this case for trial. However, the Crow Law Firm may incur miscellaneous expenses in connection with the suit. The firms will maintain appropriate records of these costs and will periodically notify all firms of the expenses incurred. Kellett & Bartholow PLLC is committed to providing appropriate and fair notice to the class if a class is certified in the case and notice is required. Kellett & Bartholow PLLC agrees to be solely responsible for the funding of such notice when it becomes necessary.

Our firms will be responsible for publicizing this case and the public interest issues it addresses. Our firms will cooperate fully with all publicity and public education efforts and may publicize this case through their own publications and organizational memberships. Kellett & Bartholow, PLLC must approve all press releases and press conferences, in advance. In all written and oral communications with the press about the case, Kellett & Bartholow PLLC will mention your firms' involvement in the case and *vice versa.*

Kellett & Bartholow PLLC reserves the right to terminate this agreement and to seek withdrawal of representation of Kimberly Porter Fewell and the putative class if the Crow Law Firm does not honor the terms reached herein or for any just reason as permitted or required by the North Carolina or Texas Rules and Code of Professional Conduct or as permitted by rule of court. Kellett & Bartholow PLLC will provide the Crow Law Firm with advance notice of any decision to seek withdrawal prior to any filing with the Court. Kellett & Bartholow PLLC also retains the right to seek reimbursement of attorneys' fees or expenses from any court award or settlement for all work performed prior to the termination of the agreement or withdrawal. Of course, the Crow Law Firm shall also have the right to terminate this agreement in the event that Kellett & Bartholow PLLC fails to honor terms of this agreement or for any just reason as permitted or required by the North Carolina or Texas Rules and Code of Professional Conduct or as permitted by rule of court.

The Crow Law Firm understands that additional named plaintiffs and additional counsel may be brought into the case. If it is decided by Kellett & Bartholow that additional counsel should be brought into the case to assist in the representation of the putative class, this agreement will be revised to reflect any new arrangements that are negotiated.

Finally, we understand that we will require Kimberly Porter Fewell and any other named class representatives to sign a joint Retention Agreement with our firms, in the form attached hereto, prior to proceeding with representation of their interests in this action. the Crow Law Firm will be responsible for obtaining Kimberly Porter Fewell's signature on the Retention Agreement. In the event that Kimberly Porter Fewell receives a negative decision on her claims as part of the litigation, Kellett & Bartholow PLLC will have the right to determine whether to

The Crow Law Firm

provide her with legal representation in any ancillary case, cases or appeals.

If this letter accurately represents your understanding of our agreement, please execute a copy on the line provided and return it to me.  I look forward to working with you on this case.

THIS CONTRACT IS SIGNED as of _____, 2020.


CLIENT:          _____
                 Kimberly Porter Fewell


ATTORNEY:

CROW LAW FIRM

By:  Marcus Crow
     Matthew Crow
Its:  Owners


ATTORNEY:

KELLETT & BARTHOLOW PLLC

By:  Karen L. Kellett
     Theodore O. Bartholow, III ("Thad")
Its:  Shareholders



The Crow Law Firm

the Retention Agreement. In the event that Kimberly Porter Fewell receives a negative
decision on her claims as part of the litigation, Kellett & Bartholow PLLC will have the right
to determine whether to provide her with legal representation in any ancillary case, cases
or appeals.

If this letter accurately represents your understanding of our agreement, please
execute a copy on the line provided and return
on this case.

THIS CONTRACT IS SIGNED as of ⟨June 9⟩ 2020.

CLIENT: _____
Kimberly Porter Fewell

ATTORNEY: _____

CROW LAW FIRM

By: Marcus Crow
Marcus Crow
Its: Owners

ATTORNEY: _____

_____

KELLETT & BARTHOLOW PLLC

By: Karen L. Kellett
Theodore O. Bartholow, III ("Thad")
Its: Shareholders

3

# KELLETT & BARTHOLOW PLLC

## RETENTION AGREEMENT

I, Kimberly Porter Fewell ("Client"), hereby retain Kellett & Bartholow PLLC and the Crow Law Firm (collectively, "Attorneys") to represent me in connection with potential legal actions against Wells Fargo Bank, N.A. and related or other defendants, if appropriate, ("Defendant(s)") for violations of the Bankruptcy Code and Rules and potentially other laws. It is our understanding that Attorneys will provide such representation as co-counsel pursuant to a Co-Counseling Agreement, a copy of which is attached hereto.

## LEGAL SERVICES

Unless this agreement is changed or cancelled in writing by the Attorneys or Client as set forth below, the Attorneys agree to bring the claims Client may have against the Defendant(s) in an appropriate court, and to pursue those claims on Client's behalf competently and diligently. Kellett & Bartholow PLLC will serve as the lead counsel in the litigation. Giles & Lambert, P.C. will be primarily responsible for communication with Client, including, but not limited to, keeping Client advised as to the progress of the case. In the event that Client receives a negative decision on Client's claims, the Attorneys will review again the legal claim to determine whether they will provide Client legal representation in an appeal of the decision. Similarly, if a separate legal action or the defense of a counterclaim becomes necessary as part of the litigation of Client's claims, the Attorneys will have the right determine whether to provide Client with legal representation in any such separate case or defense of a counterclaim pursuant to a separate written agreement at a fee to be agreed upon at that time.

## ATTORNEYS' FEES/COSTS

Client understands that Client will not be required to pay any attorneys' fees to the Attorneys other than through a deduction for the payment of reasonable fees from a common fund created as part of the settlement of or judgment with respect to the class claims filed, a settlement providing for the Defendants' payments of attorneys' fees, or judgment entered, in the action as set forth below. Client further understands that Client's case is one in which the Defendant(s) may be required to pay reasonable attorneys' fees to the Attorneys. Client authorizes the Attorneys to seek and collect reasonable attorneys' fees in addition to any relief they are seeking for Client. Client agrees that the Attorneys may keep any attorneys' fees that are obtained through court or agency order or settlement of the case pursuant to the provisions of the Co-Counseling Agreement. Attorneys' current hourly rates are as follows:

**CROW LAW FIRM**

| | |
|---|---|
| Marcus Crow | $ 300/hour |
| Matthew Crow | $ 300/hour |

**KELLETT & BARTHOLOW PLLC**

| | |
|---|---|
| O. Max Gardner, III (of counsel) | $500/hour |
| Karen L. Kellett* | $500/hour |
| Theodore O. Bartholow* | $400/hour |

*With respect to any action commenced in the Western District of North Carolina, the hourly

rates for Ms. Kellett, Mr. Bartholow, and Mr. Gardner are subject to their admission to practice in the Western District of North Carolina.

Client understands that the Attorneys may have to pay certain costs in order to properly represent Client in this case. These costs may include filing fees, fees for service of process and subpoenas, expert witness fees, stenographers' fees and other expenses related to litigation. Whenever possible, the Attorneys will try to have Defendant(s) pay for the costs. If the Attorneys cannot obtain payment of costs from Defendant(s) and Client receives an award of money in this case, Client agrees to repay the Attorneys for all costs for Client's case from the money Client receives. Repayment of such costs will be made prior to payment of fees. Client further understands that Client may not impose a requirement to incur costs that the Attorneys feel are not reasonable unless Client is willing to advance and pay those costs themselves.

SETTLEMENT

Client understands that it may be possible to settle Client's case. The Attorneys will keep Client informed of any settlement offers and consult with Client about how to respond to any offers. No settlement will be made without Client's approval.

The Attorneys and Client will make best efforts to obtain a settlement that will adequately meet each of the following goals, with no single goal taking precedence over any other goal:

(a) produce systemic reform of Defendant(s') policies or practices so other consumers will benefit from this litigation; (b) satisfy Client's individual goals; and (c) compensate the Attorneys fairly for their reasonable attorneys' fees and litigation costs.

Client understands that as a public interest counsel, the Attorneys face competing goals in seeking to maximize Client's personal recovery and in seeking reasonable attorneys' fees and costs. In order to satisfy both interests, Client authorizes the Attorneys to negotiate a resolution of the class claims and Client's individual claims separate from any negotiation of attorneys' fees and litigation costs. In the event that the Attorneys are unable to reach a settlement on the issues of attorneys' fees and costs, Client understands that the Attorneys may make an application to the Court for an award of attorneys' fees and costs. Client further understands that in making such application, the Attorneys will calculate their fees using the "lodestar" method that reflects the number of hours worked multiplied by a reasonable hourly rate. Client agrees that the Attorneys may be entitled to a multiplier, or enhancement, of the lodestar amount due to the novelty, complexity and speculative nature of the claims brought in this matter, or for any other appropriate reason.

Client understands that Defendant(s) may make a settlement offer that does not include a breakdown between Client's damages and attorneys' fees or litigation costs or otherwise requires, as a condition of settlement, that Client waives any claim for attorneys' fees or litigation costs. Regardless, the Attorneys will convey to Client any settlement offer made by Defendant(s), even if it is conditioned on Client's waiving these fees and costs. Client understands that the Attorneys' recommendation concerning the advisability of accepting or rejecting such a settlement proposal may reflect the fact that it is conditioned on Client's waiving

attorneys' fees or litigation costs.

Client understands that, if Client agrees to a lump sum monetary settlement of all the class claims against Defendant(s), including attorneys' fees, then the attorneys' fees to be paid to the Attorneys will be up to forty percent (40%) of the settlement, excluding expenses and costs, or attorneys' fees calculated pursuant to the lodestar method, subject to approval by the court under the laws of the jurisdiction. If it becomes necessary to settle the case on an individual basis, then Client agrees the attorneys' fees will be calculated on the lodestar basis. Costs and expenses incurred by the Attorneys will be taken off the top before computing this amount. In the event that Client agrees to a monetary settlement which delineates the amount to be paid for Client's claims against Defendant(s) and the amount to be paid for attorneys' fees, expenses and costs, then Client agrees that the Attorneys will be paid their legal fees, expenses and costs in accordance with the terms of the settlement agreement.

## CLIENT RESPONSIBILITIES

Client agrees to make a full and honest disclosure to the Attorneys of all facts relevant to Client's case, including new facts that may arise during the course of Client's case. Client will keep the Attorneys informed of Client's current address and telephone numbers.

As client of the Attorneys, Client understands that Client has the responsibility (through the Crow Law Firm, as Client's attorneys of record) to keep them informed of any significant changes in Client's circumstances. Client will promptly inform the Attorneys, through the Crow Law Firm if Client should receive any settlement offers, documents or other communications directly from Defendant(s) or any third parties in regard to this matter. Client understands that, as Client's counsel, the Attorneys are to conduct all communication on Client's behalf with regard to this matter. Client agrees that Client will not initiate any communication and that Client will immediately terminate any communications Client might receive from Defendant(s) or third parties in regard to this matter.

Client understands that Client may have to provide documents, appear in court or attend a deposition, and Client will assist and cooperate with the Attorneys to the fullest extent possible in their representation of Client's interests in this matter.

Client also understands that this case may be certified as a class action lawsuit and that in making any decisions concerning this case, the Attorneys and Client must consider, in addition to Client's interests, the interests of the class of people for whom Client is representative. In the event that Client enters into a settlement of the class action with Defendant(s) that is not recommended by Client's counsel, Client recognizes that the Attorneys reserve the right to seek approval from the Court to withdraw as counsel if they believe that the terms of the proposed settlement do not adequately address the interests and claims of the putative or certified class.

## COUNSEL RESPONSIBILITIES

The Attorneys agree to handle Client's case competently and diligently, to exercise professional judgment free from any conflict of interest, to alert Client of important developments in Client's case, and to respond promptly to Client's reasonable requests for

information about Client's case.

## TERMINATION

Client understands that Client is free at any time to discharge the Attorneys from representing Client by written letter. However, if Client chooses to discharge any of the Attorneys, the remaining counsel is under no obligation to find a replacement or to continue representation of Client. In addition, if after discharging any of Client's Attorneys Client thereafter recover monetary relief through settlement or trial, Client agrees to pay any discharged Attorney(s) their normal hourly rates, up to the amount of recovery, for the services actually provided to Client in the case prior to the time of discharge and for all litigation costs and expenses expended by any discharged Attorney on Client's behalf.

Client agrees that the Attorneys may, upon giving reasonable written notice, seek to terminate their involvement in Client's case if (a) the case becomes frivolous, unreasonable, or groundless in their view, or (b) the facts of the case are found to be materially and significantly different than Client has stated them, or (c) the representation of Client requires taking a position contrary to the public interest as determined by the Attorneys, or (d) Client otherwise fail to cooperate. If the Attorneys terminate their involvement in Client's case under any of these circumstances, Client agrees that they will retain their right to recover their costs and the market value of their legal services from Client.

## PUBLICITY

The Attorneys' cases are of public interest, and the Attorneys often seeks to further the rights of others by publicizing the cases they support and the outcome of those cases. Client understands that the Attorneys may make recommendations to Client concerning such publicity. Based on the public need to know the law and the facts of the case, Client agrees to reasonably cooperate with such efforts. Ultimately, however, Client retains the right to decide whether the Attorneys may publicize aspects of Client's case that are not already part of the public record.

## MISCELLANEOUS

Client recognizes that no results have been guaranteed by the Attorneys to Client and that this Retainer Agreement is not based upon any such promises or anticipated results. Client further acknowledges that Client is exclusively responsible for any personal liability, or potential liability, awarded against Client by the court for any claim or counterclaim and that, by undertaking to represent Client pursuant to this Retainer Agreement, the Attorneys assume none of Client's personal liability.

Client understands and agrees that the Attorneys may bring in additional named plaintiffs and counsel into the litigation in the Attorneys' sole discretion.

## NOTICE TO CLIENT

Texas law requires that all Texas-licensed attorneys provide their clients with the following notice about the existence of the State Bar of Texas's attorney grievance process: "The

4

State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar's Office of Chief Disciplinary Counsel will provide you with information about how to file a complaint. Please call 1-800-932-1900 toll-free for more information."

THIS CONTRACT IS SIGNED as of _____, 2020.


CLIENT:                    _____
                          Kimberly Porter Fewell

ATTORNEY:                 _____

                          _____
                          KELLETT & BARTHOLOW PLLC

                          By:   Karen L. Kellett
                                Theodore O. Bartholow, III ("Thad")
                          Its:  Shareholders


ATTORNEY:                 _____

                          _____
                          CROW LAW FIRM

                          By:  Marcus Crow
                               Matthew Crow
                          Its:  Owners

attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar's Office or Chief Disciplinary Counsel will provide you with information about how to file a complaint. Please call 1-800-932-1900 toll-free for more information."

THIS CONTRACT IS SIGNED as of _June 9_____, 2020.

CLIENT:     _Kimberly F. Fewell_____
            Kimberly Porter Fewell

ATTORNEY:   _____

            _____

            KELLETT & BARTHOLOW PLLC

                By:   Karen L. Kellett
                      Theodore O. Bartholow, III ("Thad")
                Its:  Shareholders

ATTORNEY:   _____

            _____

            CROW LAW FIRM

                By:   Marcus Crow
                      Mathew Crow
                Its:  Owners

5

attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar's Office of Chief Disciplinary Counsel will provide you with information about how to file a complaint. Please call 1-800-932-1900 toll-free for more information."

THIS CONTRACT IS SIGNED as of ~June 9~    , 2020.

CLIENT:    _Kimberly Powell_
           Kimberly Porter Powell

ATTORNEY:    _____

             _____

             KELLETT & BARTHOLOW PLLC

             By:    Karen L. Kellett
             Its:   Shareholders

ATTORNEY:    _____

             _____

             CROW LAW FIRM

             ☒  Marcus Crow
             Its:   Owners

5

# KELLETT & BARTHOLOW PLLC

This letter is intended as a proposed co-counseling arrangement between Kellett & Bartholow PLLC and the Limon Law Office relating to the representation of Rodolfo Rodriguez and Beatriz Villegas-Rodriguez and the putative class in a proposed legal action against Wells Fargo Bank, N.A. and/or any of its parent companies, subsidiaries, officers, directors and/or affiliates, and any other related and appropriate defendants (collectively "Defendant(s)") relating to potentially illegal, fraudulent and/or deceptive practices with respect to Defendant(s)' actions. Kellett & Bartholow will be the lead counsel, with Thad Bartholow being the lead attorney. Your firm will be the attorneys of record.

Our firms will share equally in the preparation and presentation of this case, but we have agreed that Thad Bartholow will serve as lead counsel in this litigation. While this shall mean that Kellett & Bartholow PLLC will have the primary responsibility for carrying on the day-to-day activities of the litigation, it is expected that the Limon Law Office will also participate as needed in the case. Our firms agree that we will consult with the others prior to taking any strategic actions and that we will regularly confer in the planning and direction of the case. However, absent agreement, Kellett & Bartholow PLLC will make the final decisions regarding actions to be taken in the case.

Our firms will keep one another advised at all times as to the status of the work performed by, or on behalf of, any of us. The Limon Law Office will be primarily responsible for advising the clients on the progress of the case. Of course, all firms will preserve all client confidences.

Given the nature of the claims to be brought against Defendant(s) in this matter and the availability of fee-shifting statutes, it is expected that we will attempt to obtain an order from the Court requiring Defendant(s) to pay litigation expenses and attorneys' fees distributed on a lodestar basis calculated using hours worked times hourly rate, as the relevant base, plus any enhancement or multiplier awarded by the Court. Similarly, if the case is settled, we will attempt to get the Defendant(s) to pay such fees and expenses.

Finally, if the case is settled on behalf of a class and a common fund is created as part of that settlement, or if a judgment is entered that creates a common fund, we reserve the right to have attorneys' fees and litigation expenses paid from said common fund. In recognition of the sharing of responsibility in representing the clients, while dividing the labor between us, our firms have agreed that, unless otherwise ordered by the Court, any lump sum amount provided for attorneys' fees as part of a court award or settlement will be divided between us as follows: First expenses will be paid on a *pro rata* basis determined fairly by our relative contributions to the expenses of litigation; and Second: Fees will be paid on a *pro rata* basis determined fairly by our relative hours worked times hourly rates expended in the litigation.

In the event that the amount of the attorneys' fees and expenses are disputed by Defendant(s), or any other third party, we will each submit our respective fee applications to the Court. We will maintain contemporaneous time records and other documentation of our work so

11300 NORTH CENTRAL EXPRESSWAY, SUITE 301 • DALLAS, TEXAS • 75243
PHONE: 214-696-9000 • FAX: 214-696-9001

Limon Law Office

as to properly support a fee application. We will at all times endeavor to ensure that there is no duplication of the work performed. We will review each other's fee applications prior to filing with the Court and attempt to eliminate any duplicative entries.

Kellett & Bartholow PLLC will be responsible for the litigation expenses necessary to prepare this case for trial. However, the Limon Law Office may incur miscellaneous expenses in connection with the suit. The firms will maintain appropriate records of these costs and will periodically notify all firms of the expenses incurred. Kellett & Bartholow PLLC is committed to providing appropriate and fair notice to the class if a class is certified in the case and notice is required. Kellett & Bartholow PLLC agrees to be solely responsible for the funding of such notice when it becomes necessary.

Our firms will be responsible for publicizing this case and the public interest issues it addresses. Our firms will cooperate fully with all publicity and public education efforts and may publicize this case through their own publications and organizational memberships. Kellett & Bartholow, PLLC must approve all press releases and press conferences, in advance. In all written and oral communications with the press about the case, Kellett & Bartholow PLLC will mention your firms' involvement in the case and *vice versa.*

Kellett & Bartholow PLLC reserves the right to terminate this agreement and to seek withdrawal of representation of the Client and the putative class if the Limon Law Office does not honor the terms reached herein or for any just reason as permitted or required by the North Carolina or Texas Rules and Code of Professional Conduct or as permitted by rule of court. Kellett & Bartholow PLLC will provide the Limon Law Office with advance notice of any decision to seek withdrawal prior to any filing with the Court. Kellett & Bartholow PLLC also retains the right to seek reimbursement of attorneys' fees or expenses from any court award or settlement for all work performed prior to the termination of the agreement or withdrawal. Of course, the Limon Law Office shall also have the right to terminate this agreement in the event that Kellett & Bartholow PLLC fails to honor terms of this agreement or for any just reason as permitted or required by the North Carolina or Texas Rules and Code of Professional Conduct or as permitted by rule of court.

The Limon Law Office understands that additional named plaintiffs and additional counsel may be brought into the case. If it is decided by Kellett & Bartholow that additional counsel should be brought into the case to assist in the representation of the putative class, this agreement will be revised to reflect any new arrangements that are negotiated.

Finally, we understand that we will require Rodolfo Rodriguez and Beatriz Villegas-Rodriguez and any other named class representatives to sign a joint Retention Agreement with our firms, in the form attached hereto, prior to proceeding with representation of their interests in this action. the Limon Law Office will be responsible for obtaining Rodolfo Rodriguez and Beatriz Villegas-Rodriguez's signature on the Retention Agreement. In the event that Rodolfo Rodriguez and Beatriz Villegas-Rodriguez receives a negative decision on her claims as part of the litigation, Kellett & Bartholow PLLC will have the right to determine whether to provide her with legal representation in any ancillary case, cases or appeals.

Limon Law Office

If this letter accurately represents your understanding of our agreement, please execute a copy on the line provided and return it to me.  I look forward to working with you on this case.

THIS CONTRACT IS SIGNED as of _____*June 19*_____, 2020.

CLIENT:     _____

Rodolfo Rodriguez

_____

Beatriz Villegas-Rodriguez

ATTORNEY:     _____

LIMON LAW OFFICE

By:   Abelardo Limon Jr.
Its:   Owners

ATTORNEY:     _____

_____

KELLETT & BARTHOLOW PLLC

By:  Karen L. Kellett
       Theodore O. Bartholow, III ("Thad")
Its:  Shareholders

# KELLETT & BARTHOLOW PLLC

## RETENTION AGREEMENT

We, Rodolfo Rodriguez and Beatriz Villegas-Rodriguez ("Client"), hereby retain Kellett & Bartholow PLLC and the Limon Law Office (collectively, "Attorneys") to represent me in connection with potential legal actions against Wells Fargo Bank, N.A. and related or other defendants, if appropriate, ("Defendant(s)") for violations of the Bankruptcy Code and Rules and potentially other laws. It is our understanding that Attorneys will provide such representation as co-counsel pursuant to a Co-Counseling Agreement, a copy of which is attached hereto.

## LEGAL SERVICES

Unless this agreement is changed or cancelled in writing by the Attorneys or Client as set forth below, the Attorneys agree to bring the claims Client may have against the Defendant(s) in an appropriate court, and to pursue those claims on Client's behalf competently and diligently. Kellett & Bartholow PLLC will serve as the lead counsel in the litigation. Limon Law Office will be primarily responsible for communication with Client, including, but not limited to, keeping Client advised as to the progress of the case. In the event that Client receives a negative decision on Client's claims, the Attorneys will review again the legal claim to determine whether they will provide Client legal representation in an appeal of the decision. Similarly, if a separate legal action or the defense of a counterclaim becomes necessary as part of the litigation of Client's claims, the Attorneys will have the right to determine whether to provide Client with legal representation in any such separate case or defense of a counterclaim pursuant to a separate written agreement at a fee to be agreed upon at that time.

## ATTORNEYS' FEES/COSTS

Client understands that Client will not be required to pay any attorneys' fees to the Attorneys other than through a deduction for the payment of reasonable fees from a common fund created as part of the settlement of or judgment with respect to the class claims filed, a settlement providing for the Defendants' payments of attorneys' fees, or judgment entered, in the action as set forth below. Client further understands that Client's case is one in which the Defendant(s) may be required to pay reasonable attorneys' fees to the Attorneys. Client authorizes the Attorneys to seek and collect reasonable attorneys' fees in addition to any relief they are seeking for Client. Client agrees that the Attorneys may keep any attorneys' fees that are obtained through court or agency order or settlement of the case pursuant to the provisions of the Co-Counseling Agreement. Attorneys' current hourly rates are as follows:

**LIMON LAW OFFICE**
Abelardo Limon Jr.                        $325/hour
**KELLETT & BARTHOLOW PLLC**
O. Max Gardner, III (of counsel)          $500/hour
Karen L. Kellett*                         $500/hour
Theodore O. Bartholow*                    $400/hour

*With respect to any action commenced in the Western District of North Carolina, the hourly rates for Ms. Kellett, Mr. Bartholow, and Mr. Gardner are subject to their admission to practice in the

Western District of North Carolina.

Client understands that the Attorneys may have to pay certain costs in order to properly represent Client in this case. These costs may include filing fees, fees for service of process and subpoenas, expert witness fees, stenographers' fees and other expenses related to litigation. Whenever possible, the Attorneys will try to have Defendant(s) pay for the costs. If the Attorneys cannot obtain payment of costs from Defendant(s) and Client receives an award of money in this case, Client agrees to repay the Attorneys for all costs for Client's case from the money Client receives. Repayment of such costs will be made prior to payment of fees. Client further understands that Client may not impose a requirement to incur costs that the Attorneys feel are not reasonable unless Client is willing to advance and pay those costs themselves.

## SETTLEMENT

Client understands that it may be possible to settle Client's case. The Attorneys will keep Client informed of any settlement offers and consult with Client about how to respond to any offers. No settlement will be made without Client's approval.

The Attorneys and Client will make best efforts to obtain a settlement that will adequately meet each of the following goals, with no single goal taking precedence over any other goal:

(a) produce systemic reform of Defendant(s') policies or practices so other consumers will benefit from this litigation; (b) satisfy Client's individual goals; and (c) compensate the Attorneys fairly for their reasonable attorneys' fees and litigation costs.

Client understands that as a public interest counsel, the Attorneys face competing goals in seeking to maximize Client's personal recovery and in seeking reasonable attorneys' fees and costs. In order to satisfy both interests, Client authorizes the Attorneys to negotiate a resolution of the class claims and Client's individual claims separate from any negotiation of attorneys' fees and litigation costs. In the event that the Attorneys are unable to reach a settlement on the issues of attorneys' fees and costs, Client understands that the Attorneys may make an application to the Court for an award of attorneys' fees and costs. Client further understands that in making such application, the Attorneys will calculate their fees using the "lodestar" method that reflects the number of hours worked multiplied by a reasonable hourly rate. Client agrees that the Attorneys may be entitled to a multiplier, or enhancement, of the lodestar amount due to the novelty, complexity and speculative nature of the claims brought in this matter, or for any other appropriate reason.

Client understands that Defendant(s) may make a settlement offer that does not include a breakdown between Client's damages and attorneys' fees or litigation costs or otherwise requires, as a condition of settlement, that Client waives any claim for attorneys' fees or litigation costs. Regardless, the Attorneys will convey to Client any settlement offer made by Defendant(s), even if it is conditioned on Client's waiving these fees and costs. Client understands that the Attorneys' recommendation concerning the advisability of accepting or rejecting such a settlement proposal may reflect the fact that it is conditioned on Client's waiving attorneys' fees or litigation costs.

Client understands that, if Client agrees to a lump sum monetary settlement of all the class

2

claims against Defendant(s), including attorneys' fees, then the attorneys' fees to be paid to the Attorneys will be up to forty percent (40%) of the settlement, excluding expenses and costs, or attorneys' fees calculated pursuant to the lodestar method, subject to approval by the court under the laws of the jurisdiction. If it becomes necessary to settle the case on an individual basis, then Client agrees the attorneys' fees will be calculated on the lodestar basis. Costs and expenses incurred by the Attorneys will be taken off the top before computing this amount. In the event that Client agrees to a monetary settlement which delineates the amount to be paid for Client's claims against Defendant(s) and the amount to be paid for attorneys' fees, expenses and costs, then Client agrees that the Attorneys will be paid their legal fees, expenses and costs in accordance with the terms of the settlement agreement.

CLIENT RESPONSIBILITIES

Client agrees to make a full and honest disclosure to the Attorneys of all facts relevant to Client's case, including new facts that may arise during the course of Client's case. Client will keep the Attorneys informed of Client's current address and telephone numbers.

As client of the Attorneys, Client understands that Client has the responsibility (through the Limon Law Office, as Client's attorneys of record) to keep them informed of any significant changes in Client's circumstances. Client will promptly inform the Attorneys, through the Limon Law Office if Client should receive any settlement offers, documents or other communications directly from Defendant(s) or any third parties in regard to this matter. Client understands that, as Client's counsel, the Attorneys are to conduct all communication on Client's behalf with regard to this matter. Client agrees that Client will not initiate any communication and that Client will immediately terminate any communications Client might receive from Defendant(s) or third parties in regard to this matter.

Client understands that Client may have to provide documents, appear in court or attend a deposition, and Client will assist and cooperate with the Attorneys to the fullest extent possible in their representation of Client's interests in this matter.

Client also understands that this case may be certified as a class action lawsuit and that in making any decisions concerning this case, the Attorneys and Client must consider, in addition to Client's interests, the interests of the class of people for whom Client is representative. In the event that Client enters into a settlement of the class action with Defendant(s) that is not recommended by Client's counsel, Client recognizes that the Attorneys reserve the right to seek approval from the Court to withdraw as counsel if they believe that the terms of the proposed settlement do not adequately address the interests and claims of the putative or certified class.

COUNSEL RESPONSIBILITIES

The Attorneys agree to handle Client's case competently and diligently, to exercise professional judgment free from any conflict of interest, to alert Client of important developments in Client's case, and to respond promptly to Client's reasonable requests for information about Client's case.

TERMINATION

Client understands that Client is free at any time to discharge the Attorneys from representing Client by written letter. However, if Client chooses to discharge any of the Attorneys, the remaining counsel is under no obligation to find a replacement or to continue representation of Client. In addition, if after discharging any of Client's Attorneys Client thereafter recover monetary relief through settlement or trial, Client agrees to pay any discharged Attorney(s) their normal hourly rates, up to the amount of recovery, for the services actually provided to Client in the case prior to the time of discharge and for all litigation costs and expenses expended by any discharged Attorney on Client's behalf.

Client agrees that the Attorneys may, upon giving reasonable written notice, seek to terminate their involvement in Client's case if (a) the case becomes frivolous, unreasonable, or groundless in their view, or (b) the facts of the case are found to be materially and significantly different than Client has stated them, or (c) the representation of Client requires taking a position contrary to the public interest as determined by the Attorneys, or (d) Client otherwise fails to cooperate. If the Attorneys terminate their involvement in Client's case under any of these circumstances, Client agrees that they will retain their right to recover their costs and the market value of their legal services from Client.

PUBLICITY

The Attorneys' cases are of public interest, and the Attorneys often seeks to further the rights of others by publicizing the cases they support and the outcome of those cases. Client understands that the Attorneys may make recommendations to Client concerning such publicity. Based on the public need to know the law and the facts of the case, Client agrees to reasonably cooperate with such efforts. Ultimately, however, Client retains the right to decide whether the Attorneys may publicize aspects of Client's case that are not already part of the public record.

MISCELLANEOUS

Client recognizes that no results have been guaranteed by the Attorneys to Client and that this Retainer Agreement is not based upon any such promises or anticipated results. Client further acknowledges that Client is exclusively responsible for any personal liability, or potential liability, awarded against Client by the court for any claim or counterclaim and that, by undertaking to represent Client pursuant to this Retainer Agreement, the Attorneys assume none of Client's personal liability.

Client understands and agrees that the Attorneys may bring in additional named plaintiffs and counsel into the litigation in the Attorneys' sole discretion.

NOTICE TO CLIENT

Texas law requires that all Texas-licensed attorneys provide their clients with the following notice about the existence of the State Bar of Texas's attorney grievance process: "The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct,

the State Bar's Office of Chief Disciplinary Counsel will provide you with information about how to file a complaint. Please call 1-800-932-1900 toll-free for more information."

THIS CONTRACT IS SIGNED as of _June 19_____, 2020.

CLIENT: _____

Rodolfo Rodriguez

_____

Beatriz Villegas-Rodriguez

ATTORNEY: _____

_____

KELLETT & BARTHOLOW PLLC

By:   Karen L. Kellett
      Theodore O. Bartholow, III ("Thad")
Its:  Shareholders

ATTORNEY: _____

LIMON LAW OFFICE

By:  Abelardo Limon Jr.
Its: Owners

5